1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY STOKES,

      Plaintiff,

    v.

EXTRAORDINARY NETWORKS, INC.,

      Defendant.

Case No.:

COMPLAINT

JURY DEMANDED

Plaintiff Terry Stokes, alleges claims for declaratory relief and damages as follows:

## I.  NATURE OF PROCEEDINGS

This is an action at law and in equity to remedy acts of, *inter alia*, false designation of origin and misrepresentation in commerce, cyberpiracy, unfair competition, misappropriation and unjust enrichment, all caused by defendant's unauthorized use of trademarks, internet domain names and copyrighted material owned by the plaintiff.

## II.  PARTIES

1.    Plaintiff Terry Stokes ("Stokes"), was a founder, director, officer, minority shareholder and employee of defendant Extraordinary Networks, Inc.  Plaintiff resides in King County, Washington.

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

2.      Defendant, Extraordinary Networks, Inc. ("Extraordinary Networks" or "the Company"), is a Washington Corporation, transacting business in King County, Washington. Its principal place of business is in King County, Washington.

### III.    JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1338(a) and (b) because the complaint includes claims of copyright ownership and infringement under the federal Copyright Act, 17 U.S.C. §101 *et. seq.*, false representation of origin and misrepresentation in commerce, cyberspiracy and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 *et. seq.* and federal common law.

4.      This Court has supplemental jurisdiction over the Washington State law claims under 28 U.S.C. § 1367.

5.      Venue in this district is proper pursuant to 28 U.S.C. §1391(b) & (c) and §1400(a) as a substantial part of the events giving rise to plaintiff's claims occurred in this district and defendant is a Washington Corporation doing business within this district.

### IV.    FACTS

6.      Plaintiff is an original founder of Extraordinary Networks, a director of the Company, Treasurer and Vice President of Engineering. He was the original President and CEO. Plaintiff owns approximately 21% of the stock of Extraordinary Networks.

7.      Extraordinary Networks was incorporated in February of 2004.

PLAINTIFF'S INTELLECTUAL PROPERTY RIGHTS

8.      Plaintiff is the owner of two federal intent-to-use trademark applications for EXTRAORDINARY NETWORKS (Class 009, filed September 19, 2003) and COMPLIANCE APPLIANCE (Class 009, filed September 18, 2003). Both marks were conceived by plaintiff, both applications were filed prior to incorporation of Extraordinary Networks, and neither have ever been assigned or transferred to the Company.

9.      Prior to incorporation, on August 1, 2003, plaintiff registered the internet domain name www.extraordinarynetworks.com. Plaintiff personally paid all fees associated with

COMPLAINT -

43608-001 \ 202728.doc                                                    -2-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1   registration of this internet domain name and has never assigned or transferred ownership of the

2   domain to the Company.

3        10.    Consistent with his intent to maintain ownership of his intellectual property

4   following incorporation, plaintiff registered the domain www.xordnet.com, in his own name, on

5   March 27, 2004.  Plaintiff personally paid all fees associated with registration of that domain,

6   and has never assigned or transferred ownership of the domain to the Company.

7        11.    Beginning in February, 2004, plaintiff pointed the domains

8   www.extraordinarynetworks.com and www.xordnet.com to Extraordinary Networks' servers.

9   Plaintiff allowed the Company to use his intellectual property including marks and domains, with

10  the expectation and understanding that he would realize value from this use upon funding of the

11  Company, or in the alternative, through a separate business endeavor of plaintiff.

12       12.    On July 29, 2004, confirming its understanding that plaintiff had retained

13  ownership of his trademarks and related internet domains, Extraordinary Networks requested a

14  power of attorney from the plaintiff.  In an email from the Company's counsel to plaintiff,

15  defendant wrote: "Terry, Please review the attached Power of Attorney and if it is correct, please

16  sign before a notary and return it to me so that I might proceed with prosecution of *your*

17  *trademarks*.  Alex." (Emphasis added).

18       13.    Plaintiff is the owner of registered copyright interests in and to the following

19  items: *Firmware for Network Centric Appliance for Compliance Message Lifecycle Management*

20  (© 2004) and *Product Specification for Compliance* (© 2005).  He is also the author and owner

21  of all unregistered copyright interests in and to numerous other documents, including: the

22  *Extraordinary Networks Business Plan* (© 2003), *Compliance Appliance Logging One Pager* (©

23  2005), *Compliance Appliance Firmware Download One Pager* (© 2005), *Compliance Appliance*

24  *UI Transport One Pager* (© 2005), *Compliance Appliance User Interface Design* (© 2004),

25  *Compliance Appliance New GUI One Pager* (© 2005), *ExtraordinaryFS Filesystem* (© 2005),

26  *Compliance Appliance Storage Design* (© 2004), *Compliance Appliance Policy Design* (©

27  2004), *Indexing/Search Design Discussio*n (© 2005), *MS Exchange Notes* (© 2005) and

COMPLAINT -

43608-001 \ 202728.doc                 -3-

1  *Compliance Appliance HTTP Conceptual Design* (© 2005).  No contracts exist to govern

2  ownership of the above-referenced documents and none of the above-referenced documents are

3  works for hire.

4  DEFENDANT'S ILLEGAL ACTIVITIES

5  14.    Beginning in or around April 2005, defendant began a systematic effort to

6  undermine plaintiff, eliminate his responsibilities and oust him from the Company.

7  15.    On June 27, 2005, Extraordinary Networks surreptitiously accessed plaintiff's

8  Company email account and obtained the password connected with plaintiff's registered internet

9  domain names.  Using plaintiff's password, Extraordinary Networks accessed the Domain Direct

10  registrar's control panel, changed the contact information to show Extraordinary Networks as

11  owner of the domains and eliminated plaintiff from the registration/contact records.

12  Extraordinary Networks also changed the contact email and the password associated with the

13  domain name registrations, so that plaintiff could no longer access the control panel.

14  16.    Plaintiff has been removed from his director position, stripped of his

15  responsibilities as Vice President of Engineering for Extraordinary Networks and constructively

16  discharged from any and all employment with the Company.  After Extraordinary Networks

17  denied him access to financial information required to update Company books, plaintiff resigned

18  as Treasurer because he was unable to fulfill the duties of that office.

19  17.    Extraordinary Networks is currently soliciting investors for funding.  In doing so,

20  the Company is using plaintiff's marks, domain names and, on information and belief, his

21  copyrighted material.  This use for is in bad faith, for profit and unauthorized by the plaintiff.

22  OTHER LEGAL PROCEEDINGS AND PRE-FILING COMMUNICATIONS BETWEEN THE

23  PARTIES

24  18.    On November 3, 2005, plaintiff filed a Complaint in King County Superior Court,

25  cause no. 05-2-36574-9 SEA, alleging, *inter alia*, violation of contractual employment rights and

26  shareholder oppression.

27

COMPLAINT -

43608-001 \ 202728.doc                                             -4-

19.   On or about November 10, 2005, plaintiff sent a letter to Extraordinary Networks, revoking any licenses granted to the Company for use of plaintiff's marks, internet domain dames and/or copyrighted material. Plaintiff instructed Extraordinary Networks to immediately cease and desist any and all use of his intellectual property, and requested written confirmation of same by November 17.

20.   Extraordinary Networks did not provide the confirmation requested by plaintiff. Defendant has further challenged plaintiff's claim of mark, domain and copyright ownership by filing counterclaims in the state court lawsuit for violation of Washington's Uniform Trade Secrets Act. Defendant alleges that plaintiff misappropriated confidential information belonging to Extraordinary Networks by filing his copyright applications. In an effort to undermine his claim of ownership in copyrighted materials, marks and/or internet domain names and challenge the rights that arise from such ownership, defendant further alleges that plaintiff altered certain, unspecified documents belonging to the Company.

## V.   CAUSES OF ACTION

### A.   DECLARATORY JUDGMENT

21.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20.

22.   Plaintiff is the owner of the trademark rights in and two federal intent-to-use trademark applications for EXTRAORDINARY NETWORKS (Class 009, effective date September 19, 2003) and COMPLIANCE APPLIANCE (Class 009, effective date September 18, 2003). Plaintiff is also the owner of copyright interests in and to various original works of authorship, including: *Firmware for Network Centric Appliance for Compliance Message Lifecycle Management* (© 2004), *Product Specification for Compliance,* (© 2005), *Extraordinary Networks Business Plan* (© 2003), *Compliance Appliance Logging One Pager* (© 2005), *Compliance Appliance Firmware Download One Pager* (© 2005), *Compliance Appliance UI Transport One Pager* (© 2005), *Compliance Appliance User Interface Design* (© 2004), *Compliance Appliance New GUI One Pager* (© 2005), *ExtraordinaryFS Filesystem* (© 2005),

COMPLAINT -

43608-001 \ 202728.doc                          -5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1  *Compliance Appliance Storage Design* (© 2004), *Compliance Appliance Policy Design* (©

2  2004), *Indexing/Search Design Discussion* (© 2005), *MS Exchange Notes* (© 2005) and

3  *Compliance Appliance HTTP Conceptual Design* (© 2005). Plaintiff is the owner of the

4  registered internet domain names www.extraordinarynetworks.com and www.xordnet.com.

5  Plaintiff has never assigned or otherwise transferred his ownership interests and any limited

6  licenses to the Company have been revoked.

7       23.     Plaintiff is entitled to declaratory judgment affirming his ownership of the marks,

8  internet domain names and copyrighted material referenced above, pursuant to 28 U.S.C. §2201

9  *et. seq.*, 17 U.S.C. §201 *et. seq.* and other applicable common and statutory law.

10 **B.     UNFAIR COMPETITION**

11      24.     Plaintiff realleges and incorporates by reference the allegations contained in

12 paragraphs 1 through 23.

13      25.     By using plaintiff's marks, domain names and copyrighted materials in a

14 promotional package designed to solicit funding for Extraordinary Networks, defendants are

15 falsely representing their right to use and/or transfer the marks, domains and copyrighted

16 material for value.  Defendant's activities constitute false designation of origin, false descriptions

17 and representations and/or false advertising in commerce in violation of § 43(a) of the Lanham

18 Act, 15 U.S.C. § 1125(a), because they are likely to mislead the trade and the public into

19 believing that the plaintiff has authorized, approved or sanctioned these commercial activities of

20 defendant, including sale of his intellectual property.

21      26.     The defendant's wrongful acts have caused damage to plaintiff, in an amount to

22 be determined at trial.

23      27.     The defendant has acted and continues to act knowingly, willfully and

24 deliberately, so as to justify an award of enchanced damages, in an amount to be determined at

25 trial.

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

28.      The defendant's wrongful acts, unless enjoined by this Court, will continue to cause plaintiff irreparable damage for which he has no adequate remedy at law.

**C.    CYBERPIRACY (15 U.S.C. § 1125(D))**

29.      Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28.

30.      Defendant has usurped the www.extraordinarynetworks.com and www.xordnet.com internet domain names without plaintiff's knowledge and permission, and has terminated plaintiff's access to and control over those domains.  Defendant has demonstrated a bad faith intent to profit from plaintiff's "EXTRAORDINARY NETWORKS" mark, and is trafficking and using the www.extraordinarynetworks.com and www.xordnet.com domain names in its commercial activities. These domain names are identical to, confusingly similar to and/or dilutive of plaintiff's distinctive "EXTRAORDINARY NETWORKS" mark.  Defendant's conduct constitutes cyberpiracy, in violation of 15 U.S.C. § 1125(d).

31.      Defendant has acted and continues to act knowingly, willfully and deliberately, so as to justify an award of enhanced damages, in an amount to be determined at trial.

32.      Defendant's actions justify an award of statutory damages in the amount of $100,000 per domain name.

33.      Defendant's acts of cyberpiracy, unless enjoined by this Court, will continue to cause plaintiff irreparable damage, for which he has no adequate remedy at law.

**D.    COPYRIGHT INFRINGEMENT**

34.      Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 33.

COMPLAINT -
43608-001 \ 202728.doc

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

35.     Plaintiff is the registered owner of copyright interests, *Firmware for Network Centric Appliance for Compliance Message Lifecycle Management* (© 2004) and *Product Specification for Compliance* (© 2005), and as such has exclusive rights provided by the federal Copyright Act, 17 U.S.C. §106.

36.     Defendant has denied plaintiff's ownership rights and refuses to confirm non-use of copyrighted material.  On information and belief, defendant is infringing upon plaintiff's copyright interests in violation of the Federal Copyright Act, 17 U.S.C. §501.

37.     Defendant has acted and continues to act knowingly, willfully and deliberately, so as to justify an award of statutory damages in the amount of $150,000 per infringement, or actual damages and profits, as provided by 17 U.S.C. §504.

38.     Defendant's acts of copyright infringement, unless enjoined by this Court, will continue to cause plaintiff irreparable damage, for which plaintiff has no adequate remedy at law.

**E.     UNFAIR COMPETITION AND MISAPPROPRIATION (COMMON LAW)**

39.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38.

40.     Defendant's conduct, as described above, constitutes unfair competition by misappropriating and diverting from plaintiff the benefits and value associated with his intellectual property and creating a likelihood of confusion as to the source, sponsorship and/or legitimate composition of defendants assets, business, products and services.

41.     Defendant's wrongful conduct has caused plaintiff damage, in an amount to be determined at trial.

42.     Defendant has acted and continues to act knowingly, willfully and deliberately, so as to justify an award of enhanced damages, in an amount to be determined at trial.

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

43.    Defendant's wrongful conduct, unless enjoined by this Court, will continue to cause plaintiff irreparable damage, for which he has no adequate remedy at law.

**F.    VIOLATION OF WASHINGTON STATE CONSUMER PROTECTION ACT ((RCW 19.86.020)**

44.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 43.

45.    Defendant's conduct constitutes an unfair and deceptive business practice within the meaning of RCW 19.86 *et. seq.*.  Defendant's conduct is knowing, willful and deliberate.  It affects the public interest and is indicative of a pattern or generalized course of conduct that has been, and is continually repeated in violation of RCW 19.86.020.

46.    Defendant's conduct has caused plaintiff damage, in an amount to be determined at trial.  Under RCW 19.86.090, plaintiff is entitled to treble damages, attorneys' fees and costs.

47.    Defendant's violations of RCW 19.86.020, unless enjoined by this Court, will continue to cause plaintiff irreparable damage, for which he has no adequate remedy at law.

**G.    UNJUST ENRICHMENT**

48.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 47.

49.    Defendant's unauthorized use of plaintiff's intellectual property, as described in this Complaint, has and will continue to unjustly enrich defendant in an amount to be proven at trial.  Equity requires that the defendant be compelled to forfeit to plaintiff those financial benefits derived from defendant's wrongful conduct.

### VI.    PRAYER FOR RELIEF

Plaintiff, Terry Stokes, requests entry of an order and judgment in his favor and against defendant on all claims, including:

COMPLAINT -
43608-001 \ 202728.doc

-9-

1    A.    A declaratory judgment that plaintiff is the rightful owner of the copyrights,

2    trademarks and internet domain names described in this Complaint, and of any other intellectual

3    property that rightfully belongs to him;

4    B.    A preliminary, and thereafter permanent, injunction

5         1.    prohibiting defendant's use of plaintiff's marks "EXTRAORDINARY

6    NETWORKS" and "COMPLIANCE APPLIANCE" and confusingly similar variations \

7    thereon;

8         2.    prohibiting defendant's use of the domain names

9    *www.extraordinarynetworks.com* and/or *www.xordnet.com* , and requiring that defendant

10   provide plaintiff with the password for correcting the erroneous registration/contact

11   information on the domain name Registrar's control panel;

12        3.    prohibiting defendant's infringement of plaintiff's copyright interests;

13   C.    An award of damages including, as appropriate:

14        1.    Defendant's profits and plaintiff's damages arising from defendant's

15   unlawful acts, in an amount to be proven at the time of trial;

16        2.    Statutory damages of $100,000 per domain name, pursuant to 15 U.S.C.

17   1117(d) and/or $150,00 for each of the registered works infringed, pursuant to 17 U.S.C.

18   §504; and

19        3.    Treble, enhanced and/or exemplary damages pursuant to 15 U.S.C.

20   § 1117, 17 U.S.C. §504(c)(2), and RCW § 19.86.020;.

21   D.    Reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1117, 17 U.S.C.

22   §505, RCW 19.77.150, RCW 19.86.080, any other applicable law and the equity powers of the

23   Court;

24   E.    Prejudgment interest on all sums allowed by law; and

25   F.    Such other and further relief as the Court may deem equitable and proper.

26   //

27   //

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

## VII.  JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.


DATED this 5th day of December, 2005.

STOKES LAWRENCE, P.S.


By: _____
Chris Farias (WSBA #21743)
Attorneys for Plaintiff Terry Stokes

COMPLAINT -
43608-001 \ 202728.doc

-11-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000